NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 09-503 (JLL) |
| Plaintiff, | **ORDER** |
| v. | |
| CHARLES SPINELLI, | |
| Defendant. | |

This matter comes before the Court on a motion for early termination of supervised release filed by Defendant Charles Spinelli on October 26, 2010. The Court has considered the submissions of Defendant and the Government and finds that:

1. On March 2, 2007, Defendant pled guilty to charges of conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349 and misprision of a felony under 18 U.S.C. § 4. On October 2, 2007, Defendant was sentenced by the United States District Court for the Southern District of Florida to 21 months imprisonment, followed by a supervised release of two years. Defendant was also ordered to pay $43.4 million in restitution at a rate of 10% of his monthly income.

2. On December 5, 2008, the District Court reduced Defendant's sentence to 12 months and one day, and on May 6, 2009, Defendant was released from custody and began his supervised release. On July 9, 2009, jurisdiction over Defendant's case and supervised release was transferred to this Court. Defendant's term of supervision is scheduled to expire on May 5, 2011.

3. A court may terminate a term of supervision prior to its expiration if the defendant has served one year of supervised release and "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009). In making this determination the Court must consider the following factors:

    a. The nature and circumstances of the offense and the history and

    characteristics of the defendant;

  b.  The need to afford adequate deterrence to criminal conduct;

  c.  The need to protect the public from further crimes of the defendant;

  d.  The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  e.  The sentencing range applicable to the defendant;

  f.  Any pertinent policy statement by the Sentencing Commission;

  g.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  h.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

4. Defendant states that he seeks early termination of his supervised release so that he can participate in a non-profit organization that assists formerly incarcerated individuals with their re-entry into society. Defendant further states that his job requires frequent travel and that the travel and debt restrictions imposed by the terms of his supervised release have hindered his ability to purchase and operate a vehicle.

5. The United States Probation Office has indicated that Defendant has been compliant with the conditions of his supervised release. While Defendant has not yet met his restitution obligation, the Probation Office stated that Defendant has to date paid $4,309.70, which it stated appears to be in compliance with the District Court's Order.

6. Having considered submissions of the parties in light of the factors set forth in 18 U.S.C. § 3553, and recognizing Defendant's apparently genuine interest in assisting the rehabilitation of other felons, while also recognizing the need to provide restitution to the victims of Defendant's offenses, a need which Defendant continues to meet, the Court concludes that Defendant's actions warrant the termination of his supervised release and that such termination would be in the interest of justice.

Accordingly, it is on this 9th day of February, 2011,

**ORDERED** that Defendant's motion for early termination of supervised release [CM/ECF No. 6] is GRANTED; and it is further

**ORDERED** that Defendant's term of supervised release shall expire on February 28, 2011.

**IT IS SO ORDERED.**

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE